## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CENTURY METAL RECYCLING, PVT. LTD,<br><br>              Plaintiff,<br>  v.<br><br>DACON LOGISTICS, LLC, AND DAVID H. LARR,<br><br>              Defendants. | 3:13-cv-00093 (CSH) |

### ORDER

**HAIGHT, Senior District Judge:**

I.      **INTRODUCTION**

In this action for breach of contract and related damage claims, a Motion for Default Judgment is currently pending against Defendants Dacon Logistics, LLC and David H. Larr, CEO and Chairman of Dacon Locistics LLC (hereinafter, collectively "Defendants").  Plaintiff's Complaint, filed on January 18, 2013, alleges as a basis for subject matter jurisdiction in this Court a complete diversity of citizenship between the parties as of that date. [Doc. 1] at ¶ 6.  Specifically, Plaintiff states that it "is a private limited company ... registered to do business in India and in Connecticut, with offices at 120 College Street, 600 Plaza Middlesex, Middletown, Connecticut 06457." [Doc. 1] at ¶ 2.  Plaintiff also states that "[u]pon information and belief, Dacon's corporate offices are located at 31 Mountain Boulevard, Warren, New Jersey 07059," and that "Dacon is a limited liability company registered in the State of New Jersey," *id.* at ¶¶ 4, 6, and, further, that "[u]pon information and belief, Larr's address is 60 Evergreen Lane, Watchung, New Jersey 07069,"

1

and therefore "Defendant David H. Larr is a citizen of the State of New Jersey." *Id.* at ¶¶ 5-6. Plaintiff thus concludes: "This Court has jurisdiction over this matter pursuant to U.S.C. § 1332(a) because Century Metal has an American office in the State of Connecticut, and Dacon is a limited liability company registered in the State of New Jersey and ... David H. Larr is a citizen of the state of New Jersey." *Id.* at ¶ 6.

Clarification on subject matter jurisdiction, however, is required, as Plaintiff's Complaint does not sufficiently allege complete diversity of citizenship. This failure to sufficiently allege the parties' diversity of citizenship is clearly established by authority that, while by now familiar, is nonetheless often disregarded by counsel, as did counsel for Plaintiff in the case at bar. Decision on the pending motion for Default Judgment is accordingly deferred until the existence *vel non* of the Court's subject matter jurisdiction is clarified.

## II.    SUBJECT MATTER JURISDICTION

In general, if subject matter jurisdiction is lacking in an action before a court, the action must be dismissed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). As the Second Circuit recently noted, "[w]here jurisdiction is lacking, ... dismissal is mandatory." *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) (internal quotations and citation omitted).

Consequently a federal court must determine with certainty whether it has subject matter jurisdiction over a case pending before it. If necessary, the court has an obligation to consider its subject matter jurisdiction *sua sponte*. *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir.2006) ("Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."), *cert. denied*, 549

2

U.S. 1282 (2007); *see also, e.g., Univ. of South Alabama v. American Tobacco* Co., 168 F.3d 405, 410 (11th Cir. 1999) ("a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking"); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107-08 (2d Cir. 1997) (holding that district court may raise issue of subject matter jurisdiction *sua sponte* at any time). It is, in fact, "common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory." *Manway Constr. Co. v. Housing Auth. of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983).

In order for requisite diversity of citizenship to exist under 28 U.S.C. § 1332(a), a plaintiff's citizenship must be diverse from the citizenship of all defendants to an action. *See, e.g.*, *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). Such complete diversity "must exist *at the time the action is commenced*," *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002) (emphasis added), which in the case at bar is January 18, 2013, the date on which Plaintiff's initial Complaint, i.e., [Doc. 1], was filed.

Plaintiff states that Defendant "Dacon's corporate offices are located at 31 Mountain Boulevard, Warren, New Jersey 07059," and that "Dacon is a limited liability company registered in the State of New Jersey." [Doc. 1] at ¶¶ 4, 6. However, a limited liability company's "citizenship for diversity purposes ... [is] the citizenship of *each of its members*." *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006)(emphasis added), *cert. denied,* 549 U.S. 1047 (2006). Therefore the Court need not look to "the state in which [this Defendant] is organized or has its

3

principal place of business, but rather, each of the states in which it has members." *Lewis v. Allied Bronze LLC*, No. 07 Civ. 1621(BMC), 2007 WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007) (citation omitted); *see also, e.g., Handelsman v. Bedford Village Associates Ltd. Partnership*, 213 F.3d 48, 51-52 (2d Cir. 2000); *City of New York v. Mickalis Pawn Shop, LLC*,  645 F.3d 114, 127 n. 13 (2d Cir. 2011); *Marks Group, LLC v. Schiciano*, No. 3:10-CV-01898, 2011 WL 6816552 at *2 (D. Conn. 2011).

Plaintiff's statements concerning both Plaintiff's own citizenship and the citizenship of Defendant David H. Larr's citizenship also fall short of demonstrating the Court's subject matter jurisdiction for the following reasons.

Plaintiff alleges that upon information and belief the address of Defendant David H. Larr "is 60 Evergreen Lane, Watchung, New Jersey 07069," and conclusively states that "Defendant David H. Larr is a citizen of the State of New Jersey."  [Doc. 1] at ¶¶ 5-6.  Even construing the former of these two quoted averments to assert that David H. Larr *resides* at such aforementioned Watchung, New Jersey address, an individual's *citizenship* for diversity purposes is determined by his or her *domicile*, not his or her *residence.  See, e.g., Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). Courts have "long ... held that a statement of residence, unlike domicile, tells the court only where the parties are *living* and not of which state they are *citizens*." *John Birch Soc. v. Nat'l Broadcasting Co.*, 377 F.2d 194, 199 (2d Cir. 1967) (emphasis added).  Thus it is "well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-03 (2d Cir. 1997) (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996)).  Plaintiff's assertions fall short of showing Defendant Larr's domicile.

The differences between a domicile and a residence are straightforward.  "In general, the

4

domicile of an individual is his true, fixed and permanent home and place of habitation," which is to say, "the place to which, whenever he is absent, he has the intention of returning." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983); *see also, e.g., Palazzo v. Corio*, 232 F.3d at 42.  In contrast, the United States Supreme Court has described "residency" as occurring "when a person takes up his abode in a given place, without any present intention to remove therefrom." *Martinez v. Bynum*, 461 U.S. at 331.  A "residency," therefore, may be taken up for personal or business reasons and may be either permanent *or* solely for a period of time.  *Id.*  The test for an individual's residency is thus significantly less stringent than the "more rigorous domicile test." *Id.*

Given that "one can *reside* in one place but be *domiciled* in another," for jurisdictional purposes, the term "'[d]omicile' is not necessarily synonymous with [the term] 'residence.'" *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (citations omitted).  For the reasons explicated *supra*, a court may not and cannot simply infer the latter from the former.  *See, e.g., Realty Holding Co. v. Donaldson,* 268 U.S. 398, 399 (1925).

Lastly, Plaintiff states that it "is a private limited company ... registered to do business in India and in Connecticut, with offices at 120 College Street, 600 Plaza Middlesex, Middletown, Connecticut 06457" – and, moreover, seems to assert that Plaintiff is a citizen of the State of Connecticut "because [Plaintiff] has an American office in the State of Connecticut."  [Doc. 1] at ¶ 2, 6.  It is not clear from such statements *where* Plaintiff's principal place of business is located or even *where or under what country's law* Plaintiff is *organized or incorporated*.  Plaintiff should therefore clarify under what country's law it is organized or incorporated, and whether as an entity it is structured or organized as an equivalent to either a corporation or a limited liability company under United States law.  As discussed *supra*, if Plaintiff is an LLC-equivalent, Plaintiff's citizenship

5

would be determined by the citizenship of its members; if Plaintiff is a corporation-equivalent, pursuant to 28 U.S.C. § 1332(c)(1) Plaintiff is deemed to be a citizen of the state(s) where it is incorporated and where it has its principal place of business.  *See, e.g., SJ Properties Suites v. Specialty Finance Group, LLC*, 772 F.Supp. 2d 1021, 1030-1031 (E.D.Wis. 2010) (directing plaintiffs to offer similar clarification for purposes of determining diversity and subject matter jurisdiction with respect to two entities described as "private limited companies" and organized under Icelandic law);[1] *see also, e.g., Simon Holdings PLC Group of Companies U.K. v. Klenz*, 878 F.Supp. 210, 211 (M.D. Fla. 1995) (treating a private limited company "incorporated under the laws of the United Kingdom" as a corporation for diversity and subject matter jurisdiction purposes pursuant to a determination of its citizenship under 28 U.S.C. § 1332); *Chok v. S&W Berisford, PLC*, 624 F.Supp. 440, 441 (S.D.N.Y. 1985) (in which the court accepts the parties' agreement that a British private limited company "is a corporation formed under the laws of the United Kingdom," and therefore treats it as a corporation for purposes of diversity determination).

Accordingly, the citizenship of all parties to this action must be confirmed.

## III.   CONCLUSION

In order to determine whether it has subject matter jurisdiction in this action, the Court hereby ORDERS Plaintiff to establish, by affidavit, both its own citizenship and the citizenship of both Defendants to this action for diversity purposes as of the date this action was commenced by the filing of Plaintiff's Complaint, [Doc. 1], i.e., January 18, 2013.

---

[1]   The Court notes that elsewhere in the Complaint Plaintiff states that it is "doing business in the United States as CMR America, LLC " – *see, e.g.,* [Doc. 1] at 1 – however, Plaintiff has not brought this action through such an entity and has not sought to demonstrate this entity's citizenship (which, assuming, as its name suggests, it is a limited liability company, would be determined through the citizenship of each of its members).

Plaintiff shall file and serve such affidavit regarding citizenship on or before **Monday, November 25, 2013**.  All case deadlines shall be stayed pending the Court's review of this affidavit.  If, upon review, the Court determines that it possesses subject matter jurisdiction, the action may proceed.  Otherwise, in the absence of such jurisdiction, the Court shall dismiss the action without prejudice.

It is SO ORDERED.


Dated: New Haven, Connecticut
November 4, 2013

/s/ Charles S. Haight, Jr.
Charles S. Haight, Jr.
Senior United States District Judge