## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CENTURY METAL RECYCLING, PVT. LTD,<br><br>               Plaintiff,<br><br>  v.<br><br>DACON LOGISTICS, LLC, AND DAVID H. LARR,<br><br>             Defendants. | 3:13-cv-00093 (CSH) |

### ORDER

**HAIGHT, Senior District Judge:**

I.      **INTRODUCTION**

Plaintiff Century Metal Recycling, Pvt. Ltd. (hereinafter "Plaintiff" or "Century Metal") commenced this action against Defendants Dacon Locistics, LLC and David H. Larr (hereinafter "Defendants") on January 18, 2013.  Plaintiff's action was brought to recover damages caused, allegedly, by breaches of the terms of a shipping contract.  Plaintiff's Complaint contains seven counts: (1) breach of contract - failure to deliver containers into Plaintiff's custody; (2) breach of contract - implied covenant of good faith and fair dealing; (3) fraud; (4) unity of interest, i.e., that Defendant Dacon is Defendant Larr's alter ego; (5) statutory theft under C.G.S.A. § 52-564; (6) unjust enrichment; and (7) conversion.  Defendants have failed to answer, otherwise respond, or even appear in this action.  An Order granting Plaintiff's Motion for a Default Entry in accordance with Fed. R. Civ. P. 55(a) was entered on February 19, 2013.  *See* [Doc. 10].  Prior to issuing any further orders in this action, however, the Court *sua sponte* raised the question of its subject matter

1

jurisdiction in three separate Orders, [Doc. 15], [Doc. 18], and [Doc. 20].  Having thoroughly reviewed Plaintiff's response to the last of these Court Orders, filed on December 27, 2013, i.e., [Doc. 21], the Court is now satisfied that diversity exists in this action.

Plaintiff has moved for default judgment and a hearing in damages, [Doc. 11], supplementing such motion with an affidavit from Rajiv Kaushal, Vice President of Century Metal, [Doc. 12] which, along with six accompanying exhibits contained within two docket entities, [Doc. 13] and [Doc. 14], identify the basis for the damages sought.  Mr. Kaushal avers that Plaintiff paid Defendants $60,500 for services which it did not receive, and that, due to Defendant Dacons' failure to pay ocean freight carriers which had transported Plaintiff's metal to India, as it had contracted to do in July of 2012, "Plaintiff was forced to pay" $329,423.71 in total for "detention fees and ground rent charges to have the thirty containers it contracted with Dacon to ship to be released into [Plaintiff's] custody in India." [Doc. 12] at ¶¶ 5-13.  Accordingly, Plaintiff seeks actual damages of $329,423.71.[1]  Given that, as Plaintiff states, Plainitff's "remaining ... damages are not reducible to a sum certain," Plaintiff "respectfully moves this Court for a hearing in damages," to review "the damages claims made against [Defendants] in [Plaintiff's] [C]omplaint." [Doc. 11] at 3.

As noted *supra*, the Defendants in this case have defaulted entirely.  Neither Defendant has appeared through counsel.  Neither Defendant has answered the Plaintiff's Complaint.  The Defendants' defaults have been entered by the Clerk of the Court pursuant to Rule 55(a).  Plaintiff now seeks a judgment by default against Dacon Logistics and against Larr.  That aspect of the case is governed by Rule 55(b).

---

[1]  The Court notes that the actual amounts paid by Plaintiff were in rupees and not in dollars.

In *Finkel v. Romanowicz*, 577 F.3d 79, 81 n. 1 (2d Cir. 2009), the Second Circuit said of a similarly defaulting defendant: "Romanowicz failed to oppose the Joint Board's suit and is therefore deemed to have admitted all well-pleaded allegations in the complaint pertaining to liability."  The Court of Appeals expanded on that proposition at 577 F.3d 83 n. 6:

> Although a court accepts as true all well pleaded allegations against a defaulting defendant for purposes of determining liability, a default is not an admission of damages, which must be established in a separate evidentiary proceeding.  Even where a party has defaulted, it may still contest the amount of damages awarded to a plaintiff.  In this case, no evidentiary hearing was necessary because the Joint Board did not ask for one but instead submitted documentary evidence of damages.  Neither Whiffen nor Romanowicz [the corporate and individual defendants respectively] submitted any response in opposition.

In the text of its *Finkel* opinion, the Second Circuit said this:

> In light of Romanowicz's default, a court is required to accept all of the Joint Board's factual allegations as true and draw all reasonable inferences in its favor, *see Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (2d Cir. 1981) (noting that, where a party moves for a default judgment after another party's default, the moving party is "entitled to all reasonable inferences from the evidence offered"), but it is also required to determine whether the Joint Board's allegations establish Romanowicz's liability as a matter of law, *see id.*  ("[A] district court retains discretion under [Federal Rule of Civil Procedure] 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action . . . .").

In the case at bar, Plaintiff's several pleaded claims arise out of Defendants' alleged breach of a relatively uncomplicated commercial contract.  The first sentence of ¶ 1 of the Complaint alleges: "This is an action by Century Metal to recover damages from Defendant Dacon for Dacon's breaches of the terms of a shipping contract.  Under the terms of the contract, Dacon was to arrange shipment of a total of thirty (30) containers of aluminum from the United States to India, to pay

3

freight charges to the carrier, and to ensure that the containers are delivered to Century Metal on arrival without any extra charges."  The contract is further described in ¶ 9, which alleges: "In July and August of 2012, Century Metal entered into a contract with Dacon to ship containers carrying the aluminum the United States to India."  The Complaint alleges a total failure by Dacon to perform its contractual obligations.  The 30 aluminum containers were lifted at United States ports and transported by ocean vessels to the designated port of discharge in India, but Dacon failed to pay the carriers their freight charges for that transportation, with the predictable result that the carriers refused to release the containers from a costly detention in India until *someone* paid their freight charges.  In the event, Plaintiff obtained release of the containers only after it settled and paid the carriers' charges and paid the detention costs – both expenditures being the obligations of Dacon under the contract.  The resulting damages to Plaintiff are alleged to be "in excess of $360,244." Complaint, ¶ 28.

Given the Defendants' default in responding to the Complaint, I accept the Complaint's well-pleaded factual allegations in respect of Defendants' asserted liability.  But the Second Circuit's holding in *Finkel* requires me to determine Defendants' "liability as a matter of law" or, as stated otherwise, this Court retains jurisdiction under Rule 52(b)(2) to determine whether "the alleged facts constitute a valid cause of action."  Those responsibilities inevitably lead to a consideration of which law governs this contract and Defendants' performance (or lack of it).  In the case at bar, as has now been confirmed, this Court's subject matter jurisdiction is based on diversity of citizenship.  "[A] federal court exercising diversity jurisdiction over a state-law claim must apply the choice-of-law rules of the state in which that court sits to determine the rules of decision that would apply if the suit were brought in state court."  *Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 151 (2d

4

Cir. 2013) (citations omitted).  Choice of law questions arise in this case because it appears from the allegations of the Complaint that Plaintiff, which owns a commercial facility in Connecticut, entered into a contract with a New Jersey entity for the ocean shipment of goods from United States ports to ports in India.  Plaintiff attached to its Complaint as exhibits a profusion of invoices and bills of lading generated by the contract, together with increasingly acerbic exchanges of e-mails generated by Defendants' failures to perform their contractual obligations.  Unaccountably, however, Plaintiff does not attach to its pleading a copy of the contract upon which suit is based.  As a result, the present record does not inform the Court with respect to factors relevant to choice-of-law analysis, such as where and by whom the contract was executed, and whether the contract contains any choice-of-law provisions.  Those particular questions are illustrative only.

The Court must be furnished with a copy of the contract in suit before Plaintiff's motion for a default judgment can be further considered or granted.  That is so, notwithstanding the fact that the Complaint's allegations describe Defendants' total breaches of an uncomplicated contract in a manner that, one may reasonably suppose, give rise to a common law claim for breach of contract under the law of any State of the Union (I express no view with respect to the law of India).  There are situations where no further choice-of-law analysis is required; *compare Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 n. 1 (2d Cir. 1981) ("There is some question whether Michigan or New York law controls this action, although the district court made no reference to this question and neither party raises it on appeal.  It is, however, unnecessary to decide the issue since we believe ABP could recover either under Mich.Comp.Laws § 570.151 or under either state's common law of fraud.").  However, the present Plaintiff couples claims for simple breach of contract with counts for breach of an implied covenant of good faith and fair dealing; alter ego liability as to Defendant Larr; and

5

statutory theft in violation of Conn. Gen Stat. § 52-564.  It is explicit or implicit in these theories of liability that under Connecticut choice-of-law principles, Connecticut substantive law furnishes the rules of decision.  This Court must resolve the choice-of-law question in this case; it must do so under Rule 55(b)(2) before referring the case to a Magistrate Judge for a hearing as to damages; and it cannot do so without being shown a copy of the contract in suit.

Accordingly, counsel for Plaintiff are directed to forward to the Court forthwith a fully executed copy of the shipment contract upon which this action is based.

In addition, counsel are directed to address the following circumstance.  The Court's independent inquiry discloses that on October 19, 2012, Century Metal Recycling Pvt. Ltd., also the named Plaintiff in the case at bar, filed a complaint against Dacon Logistics and others with the Federal Maritime Commission ("FMC").  That complaint alleged the same basic facts pleaded in the case at bar, and asserted that the Respondents's conduct violated section 10(d)(1) of the Shipping Act of 1984, 46 U.S.C. § 41102(c).  An FMC Administrative Law Judge held that Respondent Dacon violated that section of the Act, and awarded reparations to Century Metal and against Dacon in the amount of $323,663.71.  On appeal of that decision to the full Commission, the FMC issued an Order served on November 12, 2013 (Docket No. 12-09) which affirmed the Administrative Law Judge's decision.[2]  The amount of reparations the FMC ordered Dacon to pay to Plaintiff, based upon

_____

[2]  The FMC panel consisted of five individuals: the Chairman of the FMC and four Commissioners.  Two Commissioners dissented from the result, reasoning that though Dacon "may in breach pf a contractual term of the applicable bills of lading for failure to pay for the ocean transportation which resulted in the detention charges," and "notwithstanding any such potential cause of action that might be recognized in an appropriate court of law, the facts presented in this case do not begin to address the requisite elements of a section 10(d)(1) claim." Dissent of Commissioner Khouri.  That section of the Act provides that no ocean freight forwarder (such as Dacon) "may fail to establish, observe, and enforce just and reasonable regulations and practices relating to or connected with receiving, handling, storing or delivering

the same facts as those alleged in the instant case, appear to track the losses and damages prayed for in the Complaint before this Court.

Statutory liability and liability at law proceed from different bases, *see* note 2, and there is no present suggestion that the FMC Order has any preclusive effect in the case at bar.  But it seems clear enough that this Court would not allow Plaintiff a double recovery: that is to say, recovery of "reparations" in the stated amount in the FMC proceeding, and also recovery of "damages" in a like amount in this case.  In these circumstances, counsel for Plaintiff are directed to include in their next submission a discussion of the Plaintiff's efforts or intentions to enforce the FMC Order and to obtain payment of the reparations specified therein.

Plaintiff shall file all appropriate responses to this Order on or before **Friday, January 24, 2014**.

It is SO ORDERED.

Dated: New Haven, Connecticut
      January 13, 2014

                                      /s/ *Charles S. Haight, Jr.*
                                      Charles S. Haight, Jr.
                                      Senior United States District Judge

---

property."  One court has held that "behavior such as fraud and negligence does not come within the ambit of the Act."  *Johnson Products Co., Inc. v. M/V La Molinara*, 619 F.Supp. 764, 766 (S.D.N.Y. 1985) Lumbard, Ct. J.).  In the FMC proceeding involving Century Metal and Dacon, the majority of the Commission panel concluded that Dacon's wrongful conduct *did* fall within the ambit of the Act.